# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRENDA HUMPHREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 3358 |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| COOK COUNTY SHERIFF, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Brenda Humphrey ("Humphrey") filed a complaint against The Cook County Sheriff's Office ("Defendant"), alleging sex discrimination and intentional infliction of emotional distress. We granted Defendant's unopposed 12(b)(6) motion to dismiss Humphrey's amended complaint on May 19, 2016. (Dkt. No. 36.) Presently before us is Humphrey's motion to vacate that dismissal and extend her time to file a response (Dkt. No. 37), and her motion for an extension of time to file her reply brief instanter (Dkt. No. 47). For the reasons set forth below, Humphrey's motion for an extension of time to file a reply is granted, and her motion to vacate is denied.

## BACKGROUND

Humphrey has worked for Defendant for twenty-three years and is now a Lieutenant. (Am. Compl. ¶ 5.)[1] As Lieutenant, Humphrey was involved in numerous altercations with her supervisor, Inspector Howell ("Howell"). (*Id.* ¶¶ 10, 14, 16, 19.) Humphrey describes numerous instances in which Howell yelled, belittled, and insulted her, both over the electronic

---

[1] We accept the factual statements in Humphrey's amended complaint as true for the purposes of this motion.

communications system and in person.  (*Id.*)  According to Humphrey, "[m]ale officers of her rank and position would not be treated in a similar humiliating manner."  (*Id.* ¶ 12.)  She alleges that Howell humiliated her and caused her extreme emotional distress, anxiety, and panic attacks.  (*Id.* ¶¶ 11, 33.)  On January 28, 2014, Humphrey filed an internal complaint with Defendant.  (*Id.* ¶ 20.)  No internal action was taken in response to the complaint.  (*Id.* ¶ 21.)  In October 2014, Humphrey filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC").  (*Id.* ¶ 22.)  The EEOC issued Humphrey a right to sue letter on January 9, 2015.  (*Id.* Ex. 1, at 2.)

In April 2015, Humphrey filed a complaint alleging: 1) sex discrimination in violation of Title VII and 2) intentional infliction of emotional distress.  (Compl. ¶¶ 21–30.)  Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on October 23, 2015.  (Dkt. No. 12.)  Humphrey failed to file a response by the court ordered deadline on November 19, 2015 and did not file a motion for an extension of time before the response was due.  (Dkt. No. 17.)  Nearly one month after the response was due, Humphrey sought an extension, which we granted on December 23, 2015.  (Dkt. No. 21.)  Humphrey missed the extended response deadline and instead filed a motion for leave to amend the complaint—one day after the already extended deadline for responding to Defendant's motion to dismiss.  (Dkt. No. 22.)

On February 3, 2016, we granted Humphrey's motion for leave to file her amended complaint.  (Dkt. No. 27.)  Humphrey filed the amended complaint on March 16, 2016 and Defendant moved to dismiss the amended complaint.  (Dkt. Nos. 28, 31.)  On April 11, 2016, we entered an order setting a briefing schedule.  (Dkt. No. 33.)  Humphrey again failed to file a response by the May 2, 2016 deadline and did not file a motion for an extension of time.  (Dkt. No. 35.)  We entered an order on May 13, 2016, requesting that Humphrey's attorney

appear in court on May 19, 2016 and report why no response had been filed. (*Id.*) Humphrey's counsel did not appear at the hearing on May 19, 2016, and we granted Defendant's unopposed 12(b)(6) motion to dismiss. (Dkt. No. 36.) On May 19, 2016, Humphrey filed the present motion to vacate the dismissal and extend the time to respond. (Dkt. No. 37.)[2]

### ANALYSIS

Because Humphrey's motion is not clear as to the relief she is seeking, we must first address whether her motion should be treated as a motion to amend the judgment under Rule 59(e) or a motion for relief under Rule 60(b)(1).

### I. Plaintiff's Requested Relief

Altering or amending a judgment according to Rule 59(e) is appropriate where there is newly discovered evidence or there has been an error of law or fact. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006); *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). Rule 60(b)(1), by contrast, provides for discretionary relief from a final judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." *Harrington*, 433 F.3d at 546.

We read Humphrey's motion as one based upon excusable neglect,[3] and accordingly analyze it under Rule 60(b)(1). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chi.*, 456 F.3d 698, 701–02 (7th Cir. 2006)) ("Whether a motion filed

---

[2] In connection with the present motion to vacate, Humphrey missed the deadline to file a reply brief on July 11, 2016. On July 18, 2016, Humphrey moved for an extension of time to file a reply. (Dkt. No. 47.) We consider Humphrey's motion for an extension of time to file a reply and grant the motion because of her claim that she did not receive a copy of Defendant's response until July 11, 2016. (Dkt. No. 47 at 1.)

[3] Plaintiff requests that we vacate the dismissal because her attorney has been ill for the past few months and was not aware of the correct courtroom number the day dismissal was entered. (Mot. ¶¶ 2–5.)

3

within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it.").

II. **Rule 60(b): Relief from a Judgment or Order**

Rule 60(b) allows a party to seek relief from a final judgment or order for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Our determination of what constitutes excusable neglect is "at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We have held that *Pioneer* applies whenever 'excusable neglect' appears in the federal procedural rules."). Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1118 (7th Cir. 1994) (quoting *Harold Washington Party v. Cook County, Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993)) (internal quotation marks omitted). Thus, we are "vested with discretion when determining whether an attorney's neglect . . . is 'excusable' for the purposes of Rule 60(b)(1)." *Harrington*, 433 F.3d at 546 (alteration in original) (quoting *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 363 (7th Cir. 1997)) (internal quotation marks omitted).

Humphrey attributes her repeated failure to meet filing deadlines and to timely request extensions to her attorney's ongoing illness. (Mot. ¶ 2, 5.) She also explains that her counsel's failure to appear at the May 19, 2016 status hearing resulted from counsel's confusion regarding which courtroom to appear in. (Mot. ¶ 4.) Concerning her attorney's illness, Humphrey contends that counsel has a history of serious health problems and yet "missed only one court

4

date, which in no way counts as any intentional delay or contumacious conduct."
(Pl.'s Reply at 2.)

First, counsel's failure to appear at the May 19, 2016 status hearing and report why no response to Defendant's motion to dismiss had been filed was merely the last of many instances of missed deadlines. Second, an attorney's illness will generally only excuse his or her neglect when it is incapacitating. *See Dickerson*, 32 F.3d at 1118 (Where, for example, courts have recognized that severe illness may constitute excusable neglect for failure to file a timely appeal, only the attorney's own incapacitating illness has been considered relevant."); *Schwartz v. Osofsky*, No. 10 C 2141, 2012 WL 2254242, at *4 (N.D. Ill. June 12, 2012) ("[A] relatively brief illness that is not incapacitating will not be sufficient to justify a failure to prosecute a case."). While Humphrey argues that counsel had serious health problems several years prior to the beginning of this litigation, there is no evidence that his illness during the course of this litigation was incapacitating. (Pl.'s Reply at 2 ("Between 2015 and 2016 [counsel] suffered from shingles on three separate occasions. Further ailments include chronic nausea, dizziness, and short term memory loss.")). Without such evidence, counsel's illness does not excuse his repeated failure to meet court deadlines or his failure to appear as ordered on May 19, 2016. Thus, counsel's illness does not establish excusable neglect for the purposes of Rule 60(b)(1).

Humphrey also states that her attorney's potential co-counsel[4] was present in the courthouse for the May 19, 2016 status hearing, but failed to appear in the courtroom because it was "not the courtroom listed on the docket." (Pl.'s Reply at 2.) First, "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent

---

[4] Counsel requested that another attorney, Mr. Skyles, "serve as his proxy" and "file an additional appearance as co-counsel" on May 19, 2016, the day he was to appear in court and report as to why no response to Defendant's motion to dismiss had been filed. (Mot. ¶ 3.)

5

behavior may have on a litigant." *Harrington,* 433 F.3d at 546 (quoting *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004)) (internal quotation marks omitted). Second, the docket explicitly stated the courtroom that Humphrey's attorney was to appear in. (Dkt. No. 35.) ("Status hearing is set for 5/19/2016 at 10:30 a.m. in Courtroom 2525 for plaintiff's attorney to appear in court and report as to why a response to the motion to dismiss has not been filed."). This fact, taken together with counsel's failure to meet numerous other court deadlines in this matter, demonstrates more than simple carelessness. Rather, counsel "inexcusably neglect[ed]" his obligations to Humphrey. *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (stating that, in Rule 60(b) cases, "[a] lawyer who inexcusably neglects his client's obligations does not present exceptional circumstances.").

## CONCLUSION

For the reasons set forth above, Humphrey's motion for an extension of time to file a reply is granted, and her motion to vacate the dismissal and extend time to file a response is denied. It is so ordered.

---
Marvin E. Aspen
United States District Judge

Dated: October 3, 2016
   Chicago, Illinois